UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL HASAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    3:11-CV-524 (GWC) |
| | ) |
| WARDEN JOHN ALVES, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER RE:
PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY
(Doc. 51)**

Petitioner Wendell Hasan moves for the issuance of a certificate of appealability ("COA") in response to the court's dismissal of his petition for writ of habeas corpus on the grounds that it was filed beyond the applicable statute of limitations period and that he was not entitled to equitable tolling. For the reasons stated below, the motion for a COA (Doc. 51) is DENIED.

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). Rather, the petitioner must first seek and obtain a COA. *See id.* at 335–36. Section 2253(c)(2) limits the issuance of COAs, directing that they be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To make such a showing, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement or proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks and citation omitted). Where, as here, the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

1

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

There is a one-year statute of limitations period for filing federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1). This period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* at § 2244(d)(2). There is no dispute that Mr. Hasan's statute of limitations period did not end until April 24, 1997 and that he did not file his second state habeas petition until June 29, 2005. In seeking a COA, Mr. Hasan argues that jurists of reason would find it debatable whether the court was correct in finding that he was not entitled to equitable tolling from April 1997 until June 2005. A state prisoner is entitled to equitable tolling "if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).

Mr. Hasan submits that jurists of reason could disagree with the court over whether the conduct of his attorney, Louis Avitabile, amounted to attorney abandonment and constituted an "extraordinary circumstance." He points to the fact that he remained in contact with Mr. Avitabile from 1992 until 2002, following Mr. Avitabile's representation of him in connection with his first state habeas petition. He notes that Mr. Avitabile never terminated his representation of Mr. Hasan in writing. Mr. Hasan contends these facts support his reasonable belief that Mr. Avitabile was still pursuing further post-conviction relief on his behalf during those years. Mr. Hasan also argues that jurists of reason could disagree with the court over whether he acted as diligently as reasonably could have been expected under the circumstances in pursuing his rights.

The court's conclusions regarding attorney abandonment and reasonable diligence were purely factual determinations. The court found that after exhausting all appeals in the first habeas case in 1992, Mr. Avitabile told Mr. Hasan that: (1) he could not represent him any longer, (2) Mr. Hasan should consider a federal habeas proceeding, and (3) he was not familiar with and did not handle those types of cases. During the subsequent ten-year period, the two men spoke on the phone approximately six times for up to five minutes each time. While it is undisputed that Mr. Avitabile remained available to Mr. Hasan during those years, he also told

2

him that he could no longer represent him and advised him of a possible next step while stating that he was not equipped to represent Mr. Hasan in that process. Mr. Hasan could not have reasonably believed on the basis of these facts that Mr. Avitabile was continuing to challenge Mr. Hasan's conviction during these years. This case is distinguishable from others in which courts found abandonment after an attorney affirmatively accepted post-conviction representation and then filed nothing on behalf of their clients. *See, e.g., Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 29–31 (2d Cir. 2015); *Baldayaque v. United States*, 338 F.3d 145, 148–53 (2d Cir. 2003). The record here simply does not support a finding of abandonment.

Mr. Hasan takes issue with the court's refusal to consider a number of professional reprimands that Mr. Avitabile received from the Connecticut State Grievance Committee for neglecting his work in civil matters.[1] Mr. Hasan submits that jurists of reason could find this evidence relevant to his claim of attorney abandonment because several of these reprimands took place during the same time period that he was in contact with Mr. Avitabile, and at least one of them concerned a failure to communicate a statute of limitations issue. If this evidence had been considered, Mr. Hasan contends that jurists of reason could conclude Mr. Avitabile's testimony was not entitled to the level of credibility afforded by the court. The court disagrees. Mr. Avitabile's disciplinary record in other matters involving other clients has no bearing on the facts of Mr. Hasan's case. Nor does the proffered evidence sufficiently establish a custom or habit such that reasonable jurists could find it instructive on the underlying conduct at issue here. It is also not admissible for impeachment under Rule 608 or 609 of the Federal Rules of Evidence.

As for reasonable diligence, there is no evidence in the record that between 1997 and 2002 Mr. Hasan "made reasonably diligent attempts to ensure that his [second] petition was filed on time." *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) (citation omitted). During their phone conversations, Mr. Hasan never asked about Mr. Avitabile's progress in filing a petition or when he might receive a copy. Though Mr. Hasan did not have access to other legal representation during this time period, it is clear from the record and Mr. Hasan's history as a

---

[1] The court heard the evidence over the objection of counsel for the State and later concluded that it was irrelevant and should not have been introduced into evidence. In ruling on the State's motion to dismiss, the court noted that the evidence "form[ed] no part of the court's decision-making." (Doc. 47 at 6.)

3

*pro se* petitioner that he had the ability to comprehend legal materials and file a petition on his own. The record does not support any other finding as to reasonable diligence.

There is a second problem with Mr. Hasan's request. Even assuming jurists of reason could disagree with the above findings, Mr. Hasan's petition would be time-barred by his delay *after* he ended contact with Mr. Avitabile in 2002. It is undisputed that by the end of 2002 Mr. Hasan knew that Mr. Avitabile had not filed a second petition on his behalf and that there was a one-year time limit for federal habeas proceedings. (Doc. 46 at 48–51.) Despite this, Mr. Hasan did not initiate his second state court proceeding within one year's time. Rather, he waited until June 2005, two and a half years after learning of Mr. Avitabile's alleged abandonment, to do so.[2] No further proceeding on the tolling issue would permit jurists of reason to find his petition to be timely filed. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

As an appeal would not raise an issue on which a reasonable jurist could grant relief, the court denies Mr. Hasan's motion for a COA (Doc. 51).

Dated this 9th day of August, 2016.

Geoffrey W. Crawford, USDJ
Geoffrey W. Crawford, Judge
United States District Court

---

[2] Though Mr. Hasan was proceeding *pro se* from 2002 until 2005, such status alone "does not merit equitable tolling." *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.") (citation omitted)).

4